**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-06-CR-002 LY |
| | § | |
| DERRICK TERRILL NIX | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on May 16, 2011, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On April 24, 2006, the Defendant was sentenced by Judge Lee Yeakel to 60 months of imprisonment, followed by four years of supervised release, for bank robbery in violation of 18 U.S.C. § 2113. The Defendant's supervision commenced on May 20, 2010. The Defendant's conditions were modified in January 2011, to require participation in the location monitoring program as a result of failing to be gainfully employed, and missing several drug treatment visits and urinalyses. The conditions were further modified on April 20, 2011, to require GPS monitoring following a positive drug test for cocaine, and failure to maintain employment.

Subsequent to this last modification, the Defendant again tested positive for cocaine use (on April 26, 2011). He also missed several drug tests between March 7, 2011, and April 18, 2011. He further was absent from his home without permission on March 26, 2011, and did not call his probation officer to report an emergency requiring that he not be present at home. (At the hearing the Defendant stated that he was absent because his mother, who lives at a rehab facility, had fallen.) The Defendant has continued to fail to make restitution payments, and remains unemployed. As a result of these issues, and primarily due to the April 26, 2011 drug test result, on May 4, 2011, the probation office filed its petition alleging that the Defendant had violated his conditions. The undersigned ordered the issuance of a warrant on May 5, 2011.

The Defendant and his attorney appeared before the undersigned Magistrate Judge on May 16, 2011, for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "true" to the charges against him.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before the undersigned.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by: (1) using cocaine and failing to provide drug testing samples; (2) failing to be present in his home as required by his GPS monitoring plan; (3) failing to make monthly restitution payments of $50; and (4) failing to maintain employment.

### III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is III, resulting in an (advisory) guideline range of 5 to 11 months of imprisonment. The Court has considered all of the above, and RECOMMENDS that the Defendant be sentenced to 5 months of imprisonment, with 24 months of supervised release to follow. As stated at the hearing, the sole reason for the inclusion of a continued period of supervised release was to allow the Government

to collect the remaining restitution owed. Should the Defendant pay off that restitution, the undersigned would recommend that the additional period of supervision be terminated early.

## IV. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th day of May, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE